UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CASE NO.:

ANNE M. BROWNE, for herself,
and on behalf of others similarly situated,

    Plaintiff (s),

v.

CIRCLE K STORES INC.

    Defendant,
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff Anne M. Browne for herself and on behalf of other similarly situated individuals, by and through the undersigned counsel, hereby sues Defendant Circle K Stores Inc., and alleges:

INTRODUCTION

1. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

2. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay her and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half her regular rate.

3. This action is intended to include every hourly-paid Store Manager (similarly situated individuals) who worked for Defendant at any time during the past three (3) years.

## JURISDICTION AND VENUES

4. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

5. The venue is proper in this Court because all the actions raised in this Complaint took place in Escambia County, Florida, within this Court's jurisdiction.

## PARTIES

6. At all times material to this action, Anne M. Browne was within the jurisdiction of this Court. Plaintiff is a covered employee for purposes of the Act.

7. At all times material to this action, Defendant Circle K Stores Inc. (hereinafter Circle K Stores, or Defendant) was, and continues to be a foreign corporation registered to do business in Florida. Defendant has a place of business in Pensacola, Escambia County, Florida.

8. At all times material to this action, Plaintiff was engaged in commerce within the meaning of §206 and §207 of the FLSA.

9. At all times material to this action, Plaintiff was an employee of Defendant within the meaning of §203 of the FLSA.

10. At all times material to this action, Defendant was Plaintiff's employer, within the meaning of §203 of the FLSA.

11. Defendant was and continues to be an employer within the meaning of the FLSA.

12. At all times material to this action, Defendant was and continue to be an enterprise engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a retail business that operates over 3,300 convenience

stores throughout the United States, and through its business activity, affects interstate commerce. The Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions.

13. At all times material to this action, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum.

14. At all times material to this action, Plaintiff and those similarly situated employees were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated worked as convenience store employees. Through their daily activities, Plaintiff and those similarly situated, regularly handled, or otherwise worked on goods and/or materials that had been produced for commerce and moved in interstate commerce at any time in business. Therefore, there is FLSA individual coverage.

15. At all times material to this action, Plaintiff's work was essential to the business performed by Defendant.

16. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

STATEMENT OF FACTS

17. Plaintiff Anne M. Browne brings this cause of action as a collective action to recover from the Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the collective class members") and who worked

over forty (40) hours during one or more weeks on or after April 2018, (the "relevant time") without being adequately compensated.

18. Defendant Circle K Stores is a for-profit corporation, which owns and operates convenience stores across the United States. Defendant has its principal place of business at 1130 W Warner RD. Building B, Tempe, AZ 85284.

19. Defendant Circle K Stores is one of the nation's leading convenience store chains, with over 3,300 stores nationally. Defendant employs thousands of "Store Managers" to staff its stores throughout the United States, upon information and belief.

20. Defendant Circle K Stores employed Plaintiff Anne M. Browne from approximately July 17, 2017, to January 15, 2021, or 3 years and 6 months. However, for FLSA purposes, Plaintiff's relevant employment period is 145 weeks.

21. Plaintiff worked at the Circle K Store located at 7950 Pensacola Blvd., Pensacola, Florida 32534, but she was also rotated between different stores regularly.

22. During her employment with Defendant, Plaintiff and other similarly situated individuals were misclassified as "Store Managers", or exempted executive employees, not entitled to receive overtime compensation under the FLSA.

23. However, Plaintiff and those similarly situated individuals did not meet all the requirements to qualify for any FLSA overtime exemption.

24. Despite Defendant's classification of its Store Managers, such as Plaintiff, the executive exemption test indicates that Plaintiff and other similarly situated Store Managers were not in reality executives or managers as that term is defined by FLSA regulations.

25. During her time of employment, Plaintiff's primary duty was not managerial, executive, not even administrative. Plaintiff's primary duty consisted of regular convenience store

work. More than 80% of Plaintiff's duties were non-exempted manual, repetitive work. The remaining 20% consisted of clerical work that had nothing to do with managing the enterprise or a recognized department or subdivision of the enterprise. Plaintiff just carried out pre-established company policies and procedures.

26. Plaintiff's non-exempted duties included, among other things, a huge number of hours working as a cashier, unloading trucks, stocking shelves, cleaning restrooms and other parts of the store, some store maintenance work, cleaning fuel dispensers at the gas station, producing hot food preparations, performing clerical work related to payroll, production, and inventory using automated or pre-established formats and procedures. In addition, Plaintiff had to fill in for other subordinated employees who were absent for any reason. Thus Plaintiff performed more menial duties such as cashiering and stocking shelves.

27. While performing her numerous responsibilities, Plaintiff never exercised discretion and independent judgment concerning any matter, including hiring and firing. She did not have the authority to affect other employees' terms and conditions of employment. Plaintiff did not qualify to be considered an overtime-exempt employee.

28. Plaintiff just followed Defendant's uniform standard policies and procedures, employee pay practices, and management applied to all its stores and its "Store Managers", nationwide.

29. No college education and no specialized experience or skill are required for the "Store Manager" position. Upon information and belief, the job description is the same for all stores.

30. Plaintiff and all other similarly situated were improperly classified as "Store Managers," exempted from the overtime provisions of the FLSA. Still, they were merely convenience

store employees performing non-exempted work. Thus they were entitled to be paid overtime hours for every hour worked after forty (40).

31. During her employment with Defendant, Plaintiff, and other similarly situated individuals had a corporate mandatory overtime schedule for Store Managers that required them to work a minimum of about 55 hours weekly.

32. Despite her pre-set schedule, Plaintiff worked 7 days per week, from Monday to Sunday from 3:30 AM to 2:00 PM (10.5 hours daily). Plaintiff worked a total of 73.5 hours, or 33.5 overtime hours every week. Plaintiff was unable to take bonafide lunchtime.

33. Plaintiff consistently worked 73.5 hours every week. However, Defendant paid Plaintiff between 50 and 55 hours per week. Plaintiff was paid for up to 15 overtime hours at the rate of time and one-half her regular rate. However, the remaining 18.5 overtime hours were not paid to Plaintiff at any rate, not even at the minimum wage rate, as established by the FLSA.

34. Plaintiff and other similarly situated "Store Managers" following strict corporate policy, carefully monitored their hours and did not clock in after they reached around 55 working hours per week.

35. Plaintiff and other similarly situated "Store Managers" worked off-the-clock hours, which constituted additional unpaid overtime hours.

36. Plaintiff clocked in and out in a Company computer, using an employee number and password. Defendant was able to track the number of hours worked by Plaintiff, and Defendant required Plaintiff and other similarly situated individuals to work off-the clock-hours without adequate compensation as a condition of continued employment.

37. Plaintiff and other similarly situated individuals so regularly worked off-the-clock hours because of the demands, approval, and knowledge of their District/Market Managers that the practice became accepted as a routine and part of their jobs.

38. As a result, Defendant did not pay Plaintiff and other similarly situated individuals wages for many off-the-clock hours every week.

39. Defendant has a common pay policy and/or pay practice that violates the FLSA requirements of overtime payment for every hour in excess of 40 within a week.

40. During their employment with Defendant, Plaintiff and other similarly situated individuals worked more than 40 hours per week. Nevertheless, they were not paid for all their overtime hours.

41. Plaintiff and other similarly situated individuals were paid for some overtime hours, but Defendant did not pay Plaintiff and other similarly situated individuals at the rate of time and one-half their regular rate of payment, for every hour in excess of 40, as established by the FLSA.

42. During the three years (3) preceding the filing of this Complaint, Defendant has violated Title 29 U.S.C. §207, in that:

    a. Plaintiff and those similarly situated have worked off-the-clock hours that constitute additional unpaid overtime hours.

    b. No payments, or insufficient payments and/or provisions for payment, have been made by Defendant to properly compensate Plaintiff and those similarly situated to Plaintiff at the rate of one and one-half their regular rate for all hours worked in excess of forty (40) per workweek, as provided by the FLSA.

    c. Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class upon information and belief. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

    d. Defendant did not post Notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments in all its stores. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

43. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation to Plaintiff and other similarly situated individuals.

44. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid regular and/or overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked over forty.

45. On or about January 15, 2021, Plaintiff resigned from her position with Defendant due to her disagreement regarding Defendant's illegal employment practices.

COLLECTIVE ALLEGATIONS

46. Plaintiff and the putative collective class members were all misclassified as "Store Managers," and they performed the same or similar job duties as one another.

47. Plaintiff and the putative collective class members were subjected to the same pay provisions, and they were not compensated for overtime hours for all overtime hours

worked as a result of Defendant's standard policies and practices, including but not limited to the following:

a. Plaintiff and those similarly situated, or the collective class members, have worked off-the-clock hours that constitute additional unpaid overtime hours.

b. Plaintiff and those similarly situated were required to work off-the-clock hours that constitute additional unpaid overtime hours,

c. Plaintiff and those similarly situated worked off-the-clock hours with their District/Market Managers' approval and knowledge.

d. Plaintiff and those similarly situated have worked during lunch hours that constitute additional unpaid overtime hours.

e. No payments, or insufficient payments and/or provisions for payment, have been made by Defendant to properly compensate Plaintiff and those similarly situated to Plaintiff at the rate of one and one-half their regular rate for all hours worked in excess of forty (40) per workweek, as provided by the FLSA.

f. Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class upon information and belief. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

g. Defendant failed to post any notice, as required by the Fair Labor Standards Act, to inform employees of their federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

48. Defendant's uniform payment method to Plaintiff and the putative collective class members resulted in a violation of the FLSA overtime payment requirements and the failure to pay Plaintiff and the putative collective class members the required overtime wages due.

49. These policies and practices were applied to Plaintiff and the putative collective class members.

50. Therefore, the putative collective class members are properly defined as:

    1. **All Store Managers who worked for Defendant in the past three years preceding this lawsuit, to the day of trial, and elect to opt-in to this action pursuant to 29 U.S.C. § 216(b).**

    2. **Who currently work as "Store Managers" at any Circle K Stores, at any location nationwide.**

    3. **Who regularly performed off-the-clock hours after the mandatory overtime hours, with their manager's knowledge, and received no wages for this work.**

    4. **Who worked more than forty (40) hours every week and were not paid proper overtime payment, at the rate of time and one-half their regular rate for all hours worked in excess of forty (40) every week.**

51. Defendant knowingly, willfully, or reckless disregard carried out its illegal pattern or practice of failing to pay overtime wages to Plaintiff and the putative collective class members.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME**

52. Plaintiff Anne M. Browne re-adopts every factual allegation stated in paragraphs 1-51 above as if set out in full herein.

53. In the three years preceding the filing of the Complaint in this action, in one or more workweeks, Plaintiff and other similarly situated "Store Managers," or collective class members, worked hours in excess of (40) for which Plaintiff and other similarly situated

"Store Managers" were not compensated at the statutory rate of time and one-half their regular rate.

54. Defendant Circle K Stores employed Plaintiff Anne M. Browne from approximately July 17, 2017, to January 15, 2021, or 3 years and 6 months. However, for FLSA purposes, Plaintiff's relevant employment period is 145 weeks.

55. During her employment with Defendant, Plaintiff and other similarly situated "Store Managers" were misclassified as executive employees, not entitled to be paid for overtime hours. However, Plaintiff and other similarly situated individuals performed non-exempted work. They are entitled to be paid at the statutory rate of time and one-half their regular rate for all hours worked in excess of forty (40) in a workweek.

56. During the three years preceding the filing of this action, Plaintiff and other "Store Managers" were not paid proper overtime hours in one or more weeks because Defendant has failed to credit Plaintiff and the collective class members for all overtime hours worked.

57. Plaintiff worked consistently a minimum of 73.5 hours every week. However, Defendant paid Plaintiff between 50 and 55 hours per week. Plaintiff was paid for up to 15 overtime hours at the rate of time and one-half her regular rate. However, the remaining 18.5 overtime hours were not paid to Plaintiff at any rate, not even at the minimum wage rate, as established by the FLSA.

58. Defendant required Plaintiff and other similarly situated "Store Managers" to work off-the-clock-hours without adequate compensation as a condition of continued employment.

59. As a result, Defendant did not pay Plaintiff and other similarly situated "Store Managers" wages for many off-the-clock hours every week. These off-the-clock hours constitute unpaid overtime hours.

60. Plaintiff and other similarly situated individuals clocked in and out, and they were closely monitored. Defendant was able to track the hours worked by Plaintiff and other similarly situated employees.

61. Defendant's actions were willful, as evidenced by its failure to compensate Plaintiff and other "Store Managers" at the statutory rate of time and one-half their regular rate for all overtime hours worked when it knew or should have known when was due.

62. Therefore, Defendant willfully failed to pay Plaintiff and other similarly situated individuals overtime hours at the rate of time and a half their regular rate, for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

63. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendant.

64. However, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and the collective class members upon information and belief. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

65. Defendant failed to post Notice in every store, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

66. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on preliminary calculations and that these figures could be subject to modification as new evidence could dictate.

a. <u>Total amount of alleged unpaid wages</u>:

   Sixty-Two Thousand Three Hundred Sixty-Eight Dollars and 85/100 ($62,368.85)

b. <u>Calculation of such wages</u>:

   Total Period of employment:  3.5 years
   Relevant weeks of employment: 145 weeks
   Total hours worked: 73.5 hours weekly
   Total overtime hours: 33.5 hours weekly
   Total unpaid off-the-clock O/T hours: 18.5 hours weekly
   Regular rate: $15.50 an hour x 1.5= $23.25
   Overtime rate: $23.25 an hour

   O/T rate $23.25 x 18.5 O/T hours=$430.13 weekly x 145 weeks=$62,368.85

c. <u>Nature of wages (e.g., overtime or straight time)</u>:

   This amount represents the unpaid overtime compensation.

67. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and the collective class members performed services and worked over the maximum hours provided by the Act, but no provision was made by Defendant to properly pay them at the rate of time and one-half for all hours worked in excess of forty hours (40) per workweek as provided in said Act,

68. Defendant failed to pay overtime wages pursuant to Defendant's policies, plans, and practices which were equally applicable to Plaintiff and the collective class members.

69. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and similarly situated individuals these overtime wages since the commencement of their employment with Defendant. Plaintiff and those similarly situated individuals are entitled to recover double damages.

70. Defendant Circle K Stores willfully and intentionally refused to pay Plaintiff and those similarly situated individuals overtime wages at the rate of time and one-half their regular rate, as required by the law of the United States, and remains owing Plaintiff and those similarly situated individuals these overtime wages since the commencement of their employment with Defendant as set forth above.

71. Plaintiff Anne M. Browne for herself and on behalf of other similarly situated individuals, or the collective class members, has retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Anne M. Browne and those similarly situated respectfully request that this Honorable Court:

A. An order conditionally certifying this action as a collective action.

B. Issuance of a declaratory judgment that the practices complained of in this collective action Complaint are unlawful.

C. Requiring Defendant to provide the names and current (or best known) mailing and e-mail addresses of all similarly situated individuals.

D. Authorizing Notice of this collective action, or that the Court issue such Notice to all similarly situated individuals informing them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit.

E. Enter judgment for Plaintiff Anne M. Browne and other similarly situated individuals and against the Defendant Circle K Stores, based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

F. Award Plaintiff Anne M. Browne, and other similarly situated, actual damages in the

amount shown to be due for unpaid overtime compensation for hours worked over forty weekly, with interest; and

G. Award Plaintiff and other similarly situated an equal amount in double damages/liquidated damages; and

H. Award Plaintiff and those similarly situated, reasonable attorneys' fees and costs of suit; and

I. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff Anne M. Browne demands trial by jury of all issues triable as of right by jury.

Dated:  April 13, 2021

Respectfully submitted,

By:  /s/ **Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff and the Putative Collective Class Members*