UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANNE M. BROWNE,

    Plaintiff,

v.                          CASE NO. 3:21-cv-663-MCR-EMT

CIRCLE K STORES INC.,

    Defendant.

_____/

## ORDER

On April 13, 2021, Plaintiff Anne M. Browne filed suit against Defendant Circle K Stores Inc. ("Circle K") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. Subsequently, the parties filed the now-pending Joint Motion for Approval of Settlement Agreement, *see* ECF No. 15. After careful review, the Court will grant the motion, approve the settlement, and dismiss the case with prejudice.

"Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). The Eleventh Circuit explained in *Lynn's Food Stores* that claims for back wages under the FLSA may be settled or compromised only when the Department of Labor

supervises the payment of back wages or when the court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. More precisely, courts must determine whether a compromise of a FLSA claim for wages represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. In a comprehensive review of *Lynn's Food Stores* and the principles underlying the FLSA, the Middle District of Florida described this inquiry as involving both internal and external factors. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241–43 (M.D. Fla. 2010). The internal factors include whether (1) the compromise is fair and reasonable to the employee, (2) the compromise resolves a bona fide dispute, (3) a confidentiality provision contravenes FLSA policy, (4) the compromise involves a prospective waiver of FLSA rights, and (5) the compromise awards reasonable attorney's fees. *See id.* The external factors include whether the compromise otherwise frustrates the implementation of the FLSA, requiring the court to consider matters such as whether other employees are similarly situated or whether either the employer or the industry has a history of noncompliance. *Id.* at 1243–44. Additionally, in deciding the reasonableness of a compromise, the stage of the proceedings and amount of discovery completed must be considered, as well as the complexity of the claim, probable success on the claim, the range of possible recovery, and the opinions of counsel. *See id.* at 1241.

CASE NO. 3:21-cv-663-MCR-EMT

In the Complaint, Browne alleges that she worked for Circle K in Pensacola, Florida from July 2017 to January 2021. Browne also alleges that Circle K failed to pay her for all overtime hours worked, in violation of the FLSA. Circle K disputes these claims and denies liability. The parties represent that, to avoid the risks of litigation, they have compromised and reached a fair and equitable resolution of Browne's FLSA claims. The proposed settlement agreement provides that Circle K will pay Browne a total of $20,000.00, inclusive of unpaid wages and liquidated damages. This represents $10,000.00 designated as wages, plus an equal amount in liquidated damages. *See* 29 U.S.C. § 216(b) (providing that an employee is ordinarily entitled to unpaid wages and "an additional equal amount as liquidated damages"). Additionally, Circle K has agreed to pay $7,625.00 in attorney's fees and costs.

Having fully reviewed the matter, the Court finds that the proposed settlement agreement is fair and reasonable. The parties have compromised a bona fide dispute through an adversarial process, with the aid of experienced counsel. There is no confidentiality agreement that would contravene FLSA policy and no prospective waiver of FLSA claims. Additionally, the attorney's fees and costs are not unreasonable on their face and were stipulated by both parties without regard to the amount paid to Browne. Thus, there is no reason to believe that the attorney's fees and costs adversely influenced the amount of recovery on Browne's FLSA claims.

CASE NO. 3:21-cv-663-MCR-EMT

Page 4 of 4

*See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Finally, approving the proposed settlement agreement will promote the policy of encouraging the settlement of litigation. *See Lynn's Food Stores*, 679 F.2d at 1354.

Accordingly:

1. The Joint Motion for Approval of Settlement, ECF No. 15, is **GRANTED**.

2. The case is **DISMISSED with prejudice** pursuant to the parties' settlement, and the Clerk is directed to close the file.

3. There is no award of attorney's fees and costs as these matters are provided for in the parties' agreement.

**DONE AND ORDERED** this 26th day of July 2021.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

CASE NO. 3:21-cv-663-MCR-EMT